# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY JEROME JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-09-1158-R |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing pro se filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review. On March 9, 2010, Judge Argo issued a Report and Recommendation, wherein he recommended that the petition be denied. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation, wherein he contends that Judge Argo misconstrued his request for habeas corpus relief.

In the petition for relief, Petitioner asserted that

> Tulsa County District Court Judge refused to grant credit for time served as ordered by Judge Rebecca Nightingale from May 13, 2003 to April 21, 2004, during federal custody. See Exhibit (1, 2, 3, 4, 5, 6, 7 attached hereto).

In his objection, Petitioner clarifies his request for relief, stating that he is seeking to receive credit for time served between March 13, 2003 to May 13, 2003. Regardless of Petitioner's characterization or his desire to seek credit for a lesser number of days, as noted by Judge Argo, and unchallenged by Petitioner, the issue of credit for time served is purely an issue

of state law, not constitutional law. As a result, Petitioner's claim is not cognizable in this habeas corpus proceeding. Additionally, Petitioner has not alleged that his sentence exceeds the maximum permitted by law.

Furthermore, to the extent Petitioner contends that from March 13, 2003 until May 13, 2003, he was in the Tulsa County Jail and therefore he is entitled to credits for this time, his claim must fail. Petitioner has not provided any evidence that he was in the Tulsa County Jail on state charges at that time, and the evidence he presents from the Tulsa County Jail belies his contention that he was housed there during this time period. Furthermore, even if Petitioner was at the Tulsa County Jail during this time, whether he is entitled to credit for that time is still purely a state law issue. *See Campbell v. Williams*, 66 Fed.Appx. 170, 173 (10th Cir. May 13, 2003) (A habeas petitioner's claim, involving credit for presentence time spent wearing home monitoring device 9is "a state law issue" an did not "amount[ ] to denial of a constitutional right."); *Wishom v. Roberts*, 37 F.ed.Appx. 338, 339-40 (10th Cir. Feb. 6, 2002) (unpublished op.) (denying as a matter of state law a certificate of appealability on a habeas claim involving failure to award credit against a sentence); *Newell v. Page*, 280 F.Supp. 203, 204 (W.D.Okla. 1968). Accordingly, Petitioner's attempt to re-characterize his claims to limit the time for which he seeks credit does not impact the conclusions set forth in the Report and Recommendation.

In his objection, Petitioner cites to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), wherein the Court considered a habeas corpus claim of a federal inmate with regard to his request that the Bureau of Prisons order that his federal sentence run concurrently to a later-

imposed state sentence, when the state court ordered its sentence to run concurrently. That case has no applicability to Petitioner's claims in this matter.

For the reasons set forth herein, the application for habeas corpus relief is DENIED, and the Report and Recommendation is hereby ADOPTED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 24th day of March, 2010.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE